BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
KEDAR S. BHATIA (Cal. Bar No. Pending)
Assistant United States Attorney
Public Corruption and Civil Rights Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-4442
E-mail: kedar.bhatia@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NOE SALGADO VACILIO,<br><br>Defendant. | No. 2:25-MJ-04147<br><br>MOTION TO DISMISS COMPLAINT WITHOUT PREJUDICE PURSUANT TO RULE 48(a) |

The Acting United States Attorney for the Central District of California hereby moves to dismiss the complaint against defendant NOE SALGADO VACILIO without prejudice pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure.

On August 4, 2025, undersigned counsel communicated with defense counsel. Defense counsel indicated that she partially opposes the instant motion: she does not oppose dismissal but did oppose dismissal being without prejudice. Defense counsel indicated that she will file a written position.

On July 4, 2025, defendant was arrested after punching a

federal officer three times in the helmet. Complaint (Dkt. 1) at 2-3. On July 6, 2025, defendant was charged by complaint with one misdemeanor count of assaulting an officer, in violation of 18 U.S.C. § 111(a)(1). Id. On July 7, 2025, at his initial appearance, the Magistrate Court ordered defendant released on bail pending trial under the Bail Reform Act, 18 U.S.C. § 3142. Dkt. 3. The government understands that defendant, for whom there has been a final order of removal pending since 2018, was then taken into custody of the immigration authorities and removed from the United States on or about July 9, 2025.

The law "generally require[s] a district court to defer to the government's decision to seek a dismissal of a criminal charge." United States v. Gonzalez, 58 F.3d 459, 462 (9th Cir. 1995). "The primary purpose of the requirement that leave of court be obtained is to grant judges discretion to prevent the government from using its discretionary power to dismiss indictments for purposes of harassment." Id. at 461 (citing Rinaldi v. United States, 434 U.S. 22, 29 n.15 (1977)). In the Ninth Circuit, when a prosecutor requests a Rule 48(a) dismissal in good faith, the court is "duty bound to honor the request." United States v. Hayden, 860 F.2d 1483, 1488 (9th Cir. 1988). "Under its supervisory powers, a district court may dismiss an indictment with prejudice for prosecutorial misconduct only if there is (1) flagrant misbehavior and (2) substantial prejudice." United States v. Bundy, 968 F.3d 1019, 1031 (9th Cir. 2020) (cleaned up).

The government's request for dismissal is made in good faith and in the interest of justice. Accordingly, the government requests that the Court grant this motion to dismiss the complaint without

prejudice against defendant pursuant to Federal Rule of Criminal Procedure 48(a). The government further requests that defendant's bond be exonerated, and that any terms and conditions of pretrial release be terminated.

Dated: August 4, 2025

Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

/s/
KEDAR S. BHATIA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA